IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BILL LIETZKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-cv-00209-MHT-JTA |
| | ) | (WO) |
| COUNTY OF MONTGOMERY, | ) | |
| Alabama, REESE MCKINNEY, Probate | ) | |
| Judge, and D.T. MARSHALL, Sherriff, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE
## AND ORDER TO SHOW CAUSE

Before the court is the Complaint (Doc. No. 1) filed by *pro se* Plaintiff Bill Lietzke, who is proceeding *in forma pauperis*. [1] (Doc. No. 8.) For the reasons stated below, the court recommends that the Complaint be dismissed as malicious and as duplicative of the Complaint previously filed in *Lietzke v. County of Montgomery*, Case No. 2:20-cv-01028-ECM-JTA. Further, the undersigned recommends that the court enter an injunctive order to prevent Lietzke from proceeding *in forma pauperis* in the future in this particular frivolously, abusively, and vexatiously repetitive lawsuit. The undersigned also

---

[1] The Complaint is substantially identical to Lietzke's Complaint in *Lietzke v. County of Montgomery, et al.*, Case Number 2:20-cv-01028-ECM-JTA. On today, the undersigned is entering a Recommendation in *Lietzke v. County of Montgomery, et al.*, Case Number 2:20-cv-01028-MHT-JTA, recommending that case be dismissed as frivolous and for failure to state a claim upon which relief can be granted, and further recommending sanctions similar to those recommended here.

1

recommends that the court enter other sanctions similar to sanctions recommended in other cases[2] to ensure that, in the future, Lietzke does not proceed *in forma pauperis* in this District on vexatiously repetitive complaints.

## I.    STANDARD OF REVIEW

When a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The standard that governs a dismissal under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th

---

[2] Today, the undersigned is recommending similar measures in the following cases: *Lietzke v. County of Montgomery*, Case No. 2:21-cv-00209-MHT-JTA; *Lietzke v. Greyhound Lines, Inc.*, Case No. 2:21-cv-00208-WKW-JTA; *Lietzke v. City of Montgomery*, Case No. 2:21-cv-00207-ECM-JTA; *Lietzke v. City of Birmingham*, Case No. 2:21-cv-00206-ECM-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01033-MHT-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01032-WKW-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01031-WKW-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01030-ECM-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01029-RAH-JTA; and *Lietzke v. County of Montgomery*, Case No. 2:20-cv-01028-ECM-JTA.

Cir. 2008). In applying this standard, the complaint of a *pro se* plaintiff must be liberally construed. *Douglas*, 535 F.3d at 1320. Nevertheless, the factual allegations in the complaint must state a plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to a *pro se* complaint). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678. *See also Twombly*, 550 U.S. at 555 (holding that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

A claim is subject to dismissal as frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *Tucker v. Trump*, No. 1:17-CV-291-MW-GRJ, 2017 WL 8681936, at *1 (N.D. Fla. Dec. 11, 2017), *report and recommendation adopted*, No. 1:17CV291-MW/GRJ, 2018 WL 1542389 (N.D. Fla. Mar. 29, 2018). A frivolous claim is one that "has little or no chance of success" – for example, when it appears from the face

of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted), because the plaintiff "seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations, *res judicata*, collateral estoppel, or absolute immunity." *Tucker*, 2017 WL 8681936, at *1 (citing *Neitzke*, 490 U.S. at 327 and *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).

Further, in determining whether a complaint is frivolous and malicious, "a litigant's history of bringing unmeritorious litigation can be considered." *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001). A complaint may be dismissed as frivolous and malicious under § 1915(e)(2)(B)(i) when the complaint is meritless abuse of judicial process. *Emrit v. Sec'y, United States Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (affirming dismissal of litigation as malicious where the plaintiff was justifiably found to be a vexatious litigant and the complaint an abuse of process because the plaintiff filed his complaint simultaneously in multiple districts across the country).

Before dismissal of the complaint pursuant to § 1915(e), "[a] plaintiff ordinarily should get one opportunity to amend his complaint before dismissal with prejudice." *Id.* at 477 (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)). However, if the complaint is frivolous or the amended complaint would otherwise be subject to

dismissal, an opportunity to amend is not required. *Id*.; *see also Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180, 183 (11th Cir. 2019) ("The district court may dismiss a plaintiff's claims *sua sponte*—without requiring or permitting the plaintiff to amend—if it concludes that the claims are frivolous." (citing *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (citing in turn § 1915(e)(2)(B)(i)))); *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a *pro se* litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile." (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007))).

Liberal construction is afforded to *pro se* pleadings because they are not drafted by lawyers. *See Erickson*, 551 U.S. at 94 ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) ("'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998))). However, the leniency afforded the construction of *pro se* pleadings is not license for the court "'to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading . . . to sustain a cause of action." *Nails v. AmeriCredit*, No. CIV.A. 2:10CV826, 2011 WL 310254, at *1 (M.D. Ala. Jan. 6,

2011), *report and recommendation adopted*, No. 2:10CV826-MHT, 2011 WL 304790 (M.D. Ala. Jan. 28, 2011) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (citations omitted), *overruled on other grounds by Iqbal*, 556 U.S. 662). "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## II.    JURISDICTION

This court has subject matter jurisdiction over this action based on federal question jurisdiction, 28 U.S.C. § 1331, as Lietzke appears to allege claims of constitutional violations under 42 U.S.C. § 1983. Lietzke also asserts state law claims over which the court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

## III.    DISCUSSION

A.    Lietzke's History of Filing Repetitive, Frivolous Litigation

"Plaintiff Bill Lietzke is well known to this court, having continually filed frivolous lawsuits against the City of Montgomery, Alabama and its police officers for more than a decade." *Lietzke v. City of Montgomery*, No. 2:17-CV-609-MHT-GMB, 2018 WL 4677837, at *1 (M.D. Ala. Aug. 8, 2018), *report and recommendation adopted in part, rejected in part on other grounds*, No. 2:17-CV-609-MHT-GMB, 2018 WL 4030696 (M.D. Ala. Aug. 23, 2018), *judgment entered*, No. 2:17-CV-609-MHT-GMB, 2018 WL

6

4030697 (M.D. Ala. Aug. 23, 2018). To date, he has filed thirty-eight cases[3] in the Middle

District of Alabama; of those that have ended in a final judgment in this District, nearly all

have been dismissed pursuant to 28 U.S.C. § 1915(e) as frivolous or for failure to state a

claim, though a small number were dismissed for failure to prosecute or comply with court

orders. He usually seeks leave to proceed *in forma pauperis*. "Lietzke has also filed many

cases in other districts," *id*., which are sometimes transferred to the Middle and Northern

---

[3] *See Lietzke v. County of Montgomery*, Case No. 2:21-cv-00209-MHT-JTA; *Lietzke v. Greyhound Lines, Inc.*, Case No. 2:21-cv-00208-WKW-JTA; *Lietzke v. City of Montgomery*, Case No. 2:21-cv-00207-ECM-JTA; *Lietzke v. City of Birmingham*, Case No. 2:21-cv-00206-ECM-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01033-MHT-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01032-WKW-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01031-WKW-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01030-ECM-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01029-RAH-JTA; *Lietzke v. County of Montgomery*, Case No. 2:20-cv-01028-ECM-JTA; *Lietzke v. City of Birmingham*, Case No. 2:18-cv-00887-WKW-GMB; *Lietzke v. City of Montgomery*, Case No. 2:18-cv-00858-MHT-GMB; *Lietzke v. Greyhound Lines, Inc.*, Case No. 2:18-cv-00488-MHT-GMB; *Lietzke v. City of Birmingham*, Case No. 2:18-cv-00469-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:18-cv-00395-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:18-cv-00027-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:18-cv-00012-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:17-cv-00812-MHT-GMB; *Lietzke v. County of Montgomery*, Case No. 2:17-cv-00714-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:17-cv-00713-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:17-cv-00712-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:17-cv-00711-MHT-GMB; *Lietzke v. County of Montgomery*, Case No. 2:17-cv-00674-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:17-cv-00628-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:17-cv-00626-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:17-cv-00614-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:17-cv-00609-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:16-cv-00950-WKW-TFM; *Lietzke v. City of Montgomery*, Case No. 2:16-cv-00949-WKW-TFM; *Lietzke v. City of Montgomery*, Case No. 2:13-cv-00849-MHT-CSC; *Lietzke v. County of Montgomery*, Case No. 2:07-cv-00943-WKW-TFM; *Lietzke v. City of Montgomery*, Case No. 2:07-cv-00932-WKW-WC; *Lietzke v. County of Montgomery, Alabama*, Case No. 2:07-cv-00814-MHT-WC; *Lietzke v. City of Montgomery*, Case No. 2:07-cv-00588-ID-WC; *Lietzke v. McKinney*, Case No. 2:07-cv-00383-WKW-TFM; *Lietzke v. Bright*, Case No. 2:07-cv-00324-WHA-WC; *Lietzke v. City of Montgomery*, Case No. 2:03-cv-00584-MEF-CSC; *Lietzke v. Winn Dixie, Inc.*, Case No. 2:97-cv-01752-WHA-CSC.

Districts of Alabama.

Lietzke has a habit of filing cases here and around the country that arise out of the same acts or omissions and allege the same causes of action. For example, he has frequently filed complaints arising out of what appears to have been some instances of involuntary commitment for psychiatric treatment in August 1999 and again from December 2002 through early 2003.[4] He has frequently filed complaints alleging that on April 20, 2018, he was unlawfully assaulted, falsely imprisoned, and unconstitutionally arrested at a Greyhound bus terminal in Birmingham, Alabama.[5] He has frequently filed complaints involving instances in which police officers stopped and questioned him on suspicion of walking in and out of traffic, flagging down cars, walking in traffic lanes, walking in the

---

[4] *See, e.g., Lietzke v. County of Montgomery*, Case No. 2:21-cv-00209-MHT-JTA (originally filed in the United States District Court for the Western District of Texas); *Lietzke v. County of Montgomery*, Case No. 2:20-cv-01028-ECM-JTA (same); *Lietzke v. County of Montgomery*, Case No. 2:17-cv-00714-MHT-GMB (originally filed in the United States District Court of Maine); *Lietzke v. County of Montgomery*, Case No. 2:17-cv-00674-MHT-GMB (originally filed in the United States District Court for the Eastern District of Michigan); *Lietzke v. County of Montgomery*, Case No. 2:07-cv-00943-WKW-TFM (originally filed in the United States District Court for the Southern District of New York); *Lietzke v. McKinney*, Case No. 2:07-cv-00383-WKW-TFM; *Lietzke v. Bright*, Case No. 2:07-cv-00324-WHA-WC (originally filed in the United States District Court for the District of Maryland); *see also, e.g., Lietzke v. County of Montgomery, et al.*, Case No. 3:13-cv-448-B-BK (N.D. Tex.); *Lietzke v. County of Montgomery*, No. 2:13-CV-01023-JCM, 2013 WL 6452318, at *1 (D. Nev. Dec. 9, 2013).

[5] *See, e.g., Lietzke v. Greyhound Lines, Inc.*, Case No. 2:21-cv-00208-WKW-JTA (originally filed in the United States District Court for the Western District of Texas); *Lietzke v. City of Birmingham*, Case No. 2:21-cv-00206-ECM-JTA (same); *Lietzke v. City of Birmingham*, Case No. 2:18-cv-00887-WKW-GMB (same); *Lietzke v. Greyhound Lines, Inc.*, Case No. 2:18-cv-00488-MHT-GMB (originally filed in the United States District Court for the Middle District of Alabama); *Lietzke v. City of Birmingham*, Case No. 2:18-cv-00469-MHT-GMB (same).

middle of the street, walking along the interstate, and committing other legal and safety

infractions as a pedestrian. *See, e.g.*, *Lietzke v. City of Montgomery*, No. 16CV1296 WPL,

2016 WL 9818319, at *1 (D.N.M. Nov. 29, 2016). Serially filed cases involving Lietzke's

brief interactions with police over pedestrian infractions most recently include three cases

in which Lietzke asserts claims against police for stopping him on July 6, 2020, to question

him regarding complaints that he was flagging down cars, then declining to arrest him and

simply ordering him to stay out of the street and not flag down cars.[6] Another case Lietzke

has commonly filed is one in which he alleges that, on January 30, 2018, the Montgomery

police violated his constitutional rights and libeled and slandered him by stopping him to

question him about reports from members of the First Baptist Church of Montgomery that

he was following a woman on the church's property.[7] Leitzke has also serially filed many

other repetitive complaints arising out of other incidents, but those listed here cover those

serially filed cases that are currently pending and assigned to the undersigned.

Other complaints Lietzke has filed are practically identical to one another in their

legal theories asserting constitutional and sometimes state law claims against police for

---

[6] *Lietzke v. City of Montgomery*, Case No. 2:21-cv-00207-ECM-JTA (originally filed in the United States District Court for the Western District of Texas); *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01033-MHT-JTA (same); *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01030-ECM-JTA (same).

[7] *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01032-WKW-JTA (originally filed in the Western District of Texas); *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01029-RAH-JTA (same); *Lietzke v. City of Montgomery*, Case No. 2:18-cv-00395-MHT-GMB (originally filed in the Eastern District of Michigan).

brief interactions that fell short of arrest, but those complaints are not factually identical because they arise out of incidents that occurred on different occasions. For example, Lietzke currently has pending a case in which he alleges that, on September 30, 2020, police stopped him at his front door to ask questions about an alarm system that had been going off and to ask him what he was doing on the premises.[8]

B.   Dismissal of Lietzke's Claims Pursuant to 28 U.S.C. § 1915(e)(2)

In this case, Lietzke asserts constitutional and state law claims against the County of Montgomery, former Probate Judge Reese McKinney, and former Montgomery Sheriff D.T. Marshall[9] for their roles in Lietzke's involuntary commitment in August 1999 and December 2002. Lietzke's Complaint in this case and his Complaint in the concurrently pending case of *Lietzke v. County of Montgomery, Alabama, et al.*, Case No. 2:20-cv-1028, are virtually identical. They involve the same Defendants, arise out of the same

---

[8] *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01031-WKW-JTA. The undersigned has not conducted a comprehensive assessment of court records from across the country to determine if the complaint in Case No. 2:20-cv-01031-WKW-JTA is a serial complaint. Review of cases filed in this District reveals that it is not a repeat complaint in this District.

[9] It is not clear from the Complaint in what capacity Lietzke seeks to sue Probate Judge McKinney and Sheriff Marshall. The court will not order substitution of their successors in office at this time. *See* Fed. R. Civ. P. 15(c)(1)(C) (contemplating amendment by motion where the complaint improperly names the defendant at the outset); *see also* Fed. R. Civ. P. 25(d) (providing that, unlike in this case where the Defendants ceased to hold office long before the action was filed, "when a public officer who is a party in an official capacity … ceases to hold office *while the action is pending*," substitution by the successor in office is automatic even without a court order (emphasis added)). Any amendment of the Complaint by Lietzke to name a successor in office would be futile and would fail to state a claim for the same reasons as his claims against the named individual Defendants are futile and fail to state a claim.

misconduct, and are worded identically or almost identically, down to the request for relief in the form of an apocalyptic judgment concerning a pale horse, the Book of Life, and a Lake of Fire.[10]

The Eleventh Circuit "ha[s] adopted a rule against a plaintiff maintaining two separate actions involving the same subject matter, at the same time, in the same court, against the same defendant." *Rumbough v. Comenity Cap. Bank*, 748 F. App'x 253, 255 (11th Cir. 2018) (citing *Vanover v. NCO Fin. Servs.*, 857 F.3d 833, 840–42 (11th Cir. 2017)). The rule applies where, as here, the cases "involve the same parties and their privies" and "arise from the same transaction or series of transactions." *Id*. (quoting *Vanover*, 857 F.3d at 841–42).

---

[10] In the interest of judicial economy, the undersigned does not at this time recommend that the Complaint in this case alternatively be dismissed on grounds that it exclusively seeks relief beyond the powers of this court to grant – namely, an order requiring God to initiate the apocalypse and impose divine retribution on Defendants from the Great White Throne of Judgment by casting them into the Lake of Fire after judging them based on what is written about them in the Book of Life. Such relief is within the exclusive discretion of the divine whether to impose. It is doubtful that God is subject to this court's personal jurisdiction, much less to an order of mandamus, and the United States District Court for the Middle District of Alabama is not so presumptuous as to usurp The Great White Throne of Judgment. *Cf. U. S. ex rel. Mayo v. Satan & his Staff*, 54 F.R.D. 282, 283 (W.D. Pa. 1971) (denying a motion to proceed *in forma pauperis* after questioning the existence of personal jurisdiction over Defendants Satan and His Staff, and further noting the practical difficulties inherent in serving the defendants). Further, in civil actions, relief is ordinarily limited to compensatory and injunctive measures, and any punitive relief generally takes the form of a monetary judgment rather than confinement. Even in cases of civil contempt, extended confinement beyond eighteen months (such as eternal confinement to a flaming body of water) is strictly prohibited. 28 U.S.C. § 1826(a). In any event, the Book of Life is not included in the court's law library or available through online legal research resources, and the court is unable to obtain the original or a certified copy of it at this time. If ever the Book of Life will be opened, its contents revealed, and sinners dispatched accordingly by swift, merciless judgment from God's angry hands into the Lake of Fire, it will be done on a divine schedule not set by this court.

Since not later than 2007, Lietzke has filed complaints against these same Defendants alleging the same causes of action arising from the same conduct during the same 1999 and 2002 incidents. Those cases have consistently been dismissed under § 1915(e)(2)(b). As the court explained to Lietzke in 2007 when it first addressed a complaint arising out of these incidents of involuntary commitment, the statute of limitations has run on his claims, and his claims suffer from other fatal deficiencies as well.[11] *Lietzke v. McKinney*, Case No. 2:07-cv-00383-WKW-TFM, May 16, 2007 Report and Recommendation of the Magistrate Judge (Doc. No. 7, (collecting cases)), *report and recommendation adopted*, June 1, 2007 Order (Doc. No. 10). Lietzke's serial *in forma pauperis* litigation of these same claims, despite being told that his complaint cannot survive scrutiny under § 1915(e)(2)(b), rises to the level of maliciousness deserving of dismissal with prejudice pursuant to § 1915(e)(2)(b)(i).

Accordingly, the court recommends that Lietzke's Complaint be dismissed with prejudice as duplicative and as frivolous and malicious pursuant to § 1915(e)(2)(B)(i). *See Lietzke v. Greyhound Lines, Inc.*, Case No. 2:18-cv-01853-KOB, November 19, 2018 Order to Show Cause (Doc. No. 5) and December 11, 2018 Order of Dismissal (Doc. No.

---

[11] In 2007, the court also dismissed the claims against Probate Judge McKinney on grounds that he was absolutely immune from suit and dismissed official capacity claims against Sheriff Marshall pursuant to Eleventh Amendment immunity and because Sheriff Marshall was not a "person" subject to liability under § 1983. *Lietzke v. McKinney*, Case No. 2:07-cv-00383-WKW-TFM (Doc. No. 7 at 5-6). In the interest of efficiency, the court has not addressed whether any of Lietzke's claims should be dismissed as frivolous on grounds of *res judicata* or for other reasons.

6) (applying *Rumbough*, 748 F. App'x 253, and *Vanover*, 857 F.3d 833, to dismiss with prejudice an action filed by Lietzke where a previously-filed, substantially identical action was pending in the same court).

C.    Consequences for Repetitive, Frivolous Filings

In 2007, while addressing the second of what would become many iterations of Lietzke's complaints arising out of his involuntary commitments in 1999 and from 2002-03, the court stated:

> The undersigned [United States Magistrate Judge Wallace Capel, Jr.] … observes that Lietzke repeatedly files meritless Complaints in this Court…. While the Court recognizes that Lietzke is a *pro se* litigant, the Court is concerned that Lietzke's repeated filings constitute an abuse of process, which could warrant sanctions.

*Lietzke v. County of Montgomery, et al.*, Case No. 2:07-cv-00814-WKW-WC, October 10, 2007 Report and Recommendation of the Magistrate Judge (Doc. No. 5 at 5 n.3), *report and recommendation adopted*, November 9, 2007 Order (Doc. No. 6).

In February 2008, the third time this court dealt with a complaint alleging claims arising out of Lietzke's involuntary commitments in 1999 and 2002, then-United States Magistrate Judge Terry F. Moorer[12] reiterated Judge Capel's concerns about abuse of process and further stated:

> Apparently undeterred by the notice [Judge Capel] provided regarding the limited jurisdiction of federal courts, the glaring deficiencies of his lawsuit,

---

[12] In 2008, Judge Moorer was a United States Magistrate Judge in this District. He is now a United States District Judge in the United States District Court for the Southern District of Alabama.

13

and penalties for abusing the privilege of proceeding without paying filing fees and costs, Lietzke filed this and one other action in October of 2007.[13]

Lietzke is advised, as this court has consistently reminded similarly situated *pro se* litigants, the privilege of filing a federal court lawsuit without prepayment of filing fees properly acknowledges a "right of access to courts" which is constitutionally secured for all American citizens. The privilege is subject, however, to valid and reasonable limitations designed not only to conserve limited judicial resources, but also to prevent abuse by unlearned laymen who may be tempted to seize the privilege as a license for limitless or misguided forays into federal court with bootless claims and grievances unresolved in other forums or for which there simply is no remedy. Frivolous or malicious lawsuits against any defendants – corporate, public, institutional, or individual – automatically result in inconveniences, burdens, and costs, associated with defense even to the extent of securing dismissal from the action.

This court also deems it appropriate now to advise Lietzke that *pro se* litigants are also bound to honor Rule 11 of the Federal Rules of Civil Procedure, which provides in pertinent part at Rule 11(b):[14]

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

---

[13] *See Lietzke v. City of Montgomery*, *et al*., Civil Action No. 2:07-cv-932-WKW, a case in which Lietzke claimed that police violated his constitutional rights on several occasions from 2005 through 2007 when they allegedly arrested him, briefly stopped him, spoke harshly to him, or merely asked him questions from the window of a patrol car, including occasions in which he was reported to have been flagging down cars, walking and running in the middle of the street, and trying to stop cars.

[14] Since 2008, Rule 11 has been amended, but Lietzke is advised that Rule 11 remains the same in substance and he is bound to abide by it.

> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

A plaintiff may incur a substantial penalty for non-compliance with this rule by filing a federal court lawsuit without first conducting "an inquiry reasonable under the circumstances" in order to inform his "knowledge, information, and belief" about the merits of the lawsuit. Rule 11(c)(2) provides:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

*Lietzke v. County of Montgomery, et al.*, Case No. 2:07-cv-00943-WKW-TFM, February 15, 2008 Report and Recommendation of the Magistrate Judge (Doc. No. 7 at 11-13), *report and recommendation adopted in part, rejected in part on other grounds*, March 3, 2008 Order (Doc. No. 8).

In May 2008, United States District Judge William Keith Watkins noted Lietzke's status as "a frequent filer" in this District and "around the country" and dismissed certain of Lietzke's claims with prejudice "[b]ecause Lietzke continues to file these claims in courts around the country despite the determination that they are frivolous." *Lietzke v. City*

*of Montgomery, et al.*, Case No. 2:07-cv-00932-WKW-WC, May 16, 2008 Order (Doc.
No. 6 at 6-8, 16).

In 2013, faced with a complaint of Lietzke's asserting substantially the same claims
as before arising out of involuntary commitments in 1999 and 2002, Judge Renee Harris
Toliver, a United States Magistrate Judge in the Northern District of Texas, recommended
denial of Lietzke's motion to proceed *in forma pauperis*, summary dismissal, and
imposition of sanctions, stating:

> Plaintiff, an Alabama resident, filed a *pro se* civil rights complaint against
> Montgomery County, Alabama, and Alabama residents Reese McKinney, D.
> T. Marshall, and an unidentified Sheriff Officer, along with a motion to
> proceed *in forma pauperis*. For the reasons that follow, it is recommended
> that this action be summarily dismissed.

> ### I. BACKGROUND

> Plaintiff asserts that in 1999 and 2002, Defendants seized him from his home
> and involuntarily confined him in a psychiatrist hospital following various
> hearings in probate court. (Doc. 3 at 2-7). He seeks monetary damages for
> false imprisonment, malicious prosecution, harassment, and kidnapping –
> claims that Plaintiff has unsuccessfully litigated in at least three other actions.
> *See Lietzke v. County of Montgomery*, No. 2:07-CV-943 (M.D. Alabama
> Mar. 3, 2008) (accepting recommendation and dismissing case as frivolous
> because it was barred by *res judicata*, statute of limitations, and absolute
> immunity). *See also Lietzke v. County of Montgomery, et al*., No. 1:12-CV-
> 00145, 2012 WL 5449623 (D. Idaho May 29, 2012), *accepting
> recommendation*, 2012 WL 5449617 (D. Idaho Nov. 5, 2012) (dismissing as
> frivolous because jurisdiction and venue were lacking); *Lietzke v. County of
> Montgomery, et al*., No. 2:12-CV- 00268, 2013 WL 1033037 (D. Utah Feb.
> 21, 2013), *accepting recommendation*, 2013 WL 1031725 (D. Utah Mar. 14,
> 2013) (same).

> Over the past ten years, Plaintiff has filed more than twenty cases in federal
> courts nationwide against these and other Alabama residents complaining of
> related civil rights violations. *See* Public Access to Courts Electronic Records
> (PACER) for a full listing of Plaintiff's cases. A random sampling indicates

that the vast majority of these lawsuits were dismissed as frivolous and/or for failure to state a claim. At least one court has restricted Plaintiff from filing new lawsuits. *See Lietzke v. City of Montgomery, et al.*, No. 3:06-CV-1804 (D. Or. Mar. 19, 2007) (imposing pre-filing requirement which requires that all pleadings be "reviewed by this Court and ordered filed only if such filings are deemed not frivolous or repetitive.")

## II. ANALYSIS

Federal courts have the authority to levy sanctions against *pro se* litigants and attorneys who violate Rule 11(b), of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(b) and (c)(1); *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Here, Plaintiff's allegations duplicate the claims that he has pursued unsuccessfully in the Middle District of Alabama and in the Districts of Idaho and Utah. Thus, his complaint is frivolous. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (a complaint is frivolous when it "duplicates allegations of another pending federal lawsuit by the same plaintiff"). In light of the duplicative nature of the complaint and Plaintiff's lengthy and notorious history of filing repetitive, frivolous lawsuits, his request to proceed *in forma pauperis* should be denied and sanctions should be imposed. *See* FED. R. CIV. P. 11(b)(2) and (c)(1); *Canzoneri v. McCormick*, No. 3:12-CV-1241-G-BK, 2012 WL 1864309 (N.D. Tex. Apr. 26, 2012), *recommendation accepted*, 2012 WL 1864282 (N.D. Tex. May 22, 2012) (denying *in forma pauperis* motion and imposing sanctions because of plaintiff's history of filing frivolous, repetitive lawsuits).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's motion to proceed *in forma pauperis* be DENIED, and that Plaintiff be BARRED from filing future *in forma pauperis* actions in this Court without first seeking leave to file. It is further recommended that Plaintiff be WARNED that the continued submission of frivolous actions and documents may result in the imposition of additional sanctions, including monetary penalties.

*Lietzke v. County of Montgomery, et al.*, Case No. 2:13-cv-04468-B-BK (N.D. Tex.), November 12, 2013 Report and Recommendation of the Magistrate Judge (Doc. No. 6 at 1-4 (footnote omitted)), *report and recommendation adopted*, March 3, 2008 Order (Doc. No. 8) (adopting the recommendation and ordering that "Plaintiff is **BARRED** from filing future *in forma pauperis* actions in this Court without first seeking leave to file. In addition, Plaintiff is **WARNED** that the continued submission of frivolous actions and documents may result in the imposition of additional sanctions, including monetary penalties.").

In August 2018, United States Magistrate Judge Gray M. Borden observed in a Report and Recommendation entered in fifteen different cases Lietzke had filed, nearly all of which were or would eventually become redundant filings:

> Put simply, Lietzke's *modus operandi* is to engage in a pattern of filing frivolous lawsuits both in this and other federal district courts throughout the country in flagrant violation of appropriate judicial process and procedure. Most recently, a district court in Nevada observed that Lietzke had filed eight cases in that district with identical allegations against Alabama defendants, noting that "[d]espite repeated warnings against filing frivolous lawsuits, [Lietzke] continues to abuse the judicial process." *Lietzke v. City of Montgomery*, 2018 WL 702889, at *1 (D. Nev. Feb. 2, 2018). That court thus declared Lietzke a vexatious litigant pursuant to 28 U.S.C. § 1651 enjoining him from filing any new lawsuits in that district without first obtaining leave from the court's Chief Judge. *See id*. Lietzke's 15 pending complaints stating nearly identical factual allegations reflect his scattershot approach to seeking relief in federal court based on claims that are not remotely actionable. This court ought not entertain his continued abuse of the judicial process and recommends the dismissal of all of his pending federal claims.

*Lietzke v. Greyhound Lines, Inc*., Case No. 2:18-cv-00488-MHT-GMB, August 8, 2018 Report and Recommendation of the Magistrate Judge (Doc. No. 4 at 20-21 (footnote

omitted)), *report and recommendation adopted in part, rejected in part on other grounds*, August 23, 2018 Order (Doc. No. 7).

On May 19, 2019, after detailing Lietzke's history in the District of Montana of repeated serial filings made without any effort to correct deficiencies noted in previous dismissals, Chief United States District Judge Dana L. Christensen of the District of Montana wrote: "Enough is enough. Lietzke's filings in this Court demonstrate, at best, indifference to the law. He is not acting in good faith." *Lietzke v. City of Birmingham, et al.*, Case No. 9:19-cv-61-M-DLC, April 19, 2019 Order (Doc. No. 3 at 3). After ordering Lietzke to show cause why he should not be declared a vexatious litigant subject to a prefiling review process, Judge Christensen declared him a vexatious litigant, summarily dismissed five frivolous complaints Lietzke had filed, and imposed preconditions on Lietzke's ability to file cases in the District of Montana. *Lietzke v. City of Birmingham, et al.*, Case No. 9:19-cv-61-M-DLC, May 10, 2019 Order (Doc. No. 5).

In 2020, United States District Judge R. David Proctor dismissed another repeat complaint against Greyhound Lines not only as barred by *res judicata*, but as frivolous and malicious "[b]ased on Plaintiff's serial filings in this court and courts around the country." *Lietzke v. Greyhound Lines, Inc.*, Case No. 2:20-cv-01968-RDP (N.D. Ala.) (Doc. No. 8).

In December 2020, in a case Lietzke filed against Defendant Greyhound Lines arising out of the April 20, 2018 incident at the Birmingham, Alabama, Greyhound bus terminal, United States District Judge Abdul K. Kallon observed:

> Lietzke is apparently a prolific litigant. As Judge Manske of the Western District of Texas pointed out when he transferred this case to this court: "Bill

Lietzke is perhaps one of the most notorious vexatious litigants to ever appear before this Court. Li[e]tzke has continually filed frivolous lawsuits against the City of Montgomery, Alabama, and its police officers for more than a decade. Lietzke has filed similar cases in districts across the country." Doc. 3 at 1–2 (quotation and citation omitted).

*Lietzke v. Greyhound Lines*, *Inc.*, Case No. 2:20-cv-01965-RKK, Dec. 14, 2020 Order (Doc. No. 5 at 2 n.1) (N.D. Ala. Dec. 14, 2020).

Despite many warnings and consequences from this and other courts, Lietzke has continued to serially file substantially the same lawsuits again and again here and in courts all across the country. Something must be done. His vexatiously repetitive complaints are not harmless. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate [judge], or the [district] judge." *Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986). Though Lietzke's complaints are invariably dismissed prior to service of process, they repeatedly waste scarce judicial resources by requiring the court to address the same deficiencies again and again and again. At times, the court unnecessarily duplicates the work of other courts because it is unaware[15] that some other court has already addressed the deficiencies in the same complaint. Even as this Recommendation is being

---

[15] Lietzke habitually omits from his filings any information related to previous dismissals or concurrent litigation of the same matters, each time he files a complaint in this District, the court simply does not have the resources to review the records of every other federal and state court in the country to determine whether he has previously pursued or is currently pursuing the same case elsewhere.

drafted, judicial resources are being once again diverted from pressing matters to address more serial, frivolous filings[16] by Lietzke.

In light of the previous warnings by this court and others, Lietzke's repetitive filings in this court and elsewhere are not merely careless mistakes. Lietzke has been told that he violates Rule 11(b) of the Federal Rules of Civil Procedure by repeatedly filing complaints that he knows are frivolous and that fail to state a claim upon which relief can be granted. Further, as Judge Capel warned Lietzke years ago, refiling the same complaint when he knows the claims within it are without merit constitutes vexatious abuse of process warranting appropriate sanctions. "'[F]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.'" *Shell v. U.S. Dep't Of Hous. And Urb. Dev.*, 355 F. App'x 300, 308 (11th Cir. 2009) (quoting *Martin–Trigona v. Shaw*, 986 F.2d 1384, 1386–87 (11th Cir.1993)). Courts may sanction such conduct, and they also have considerable discretion in crafting injunctions to protect against abusive and vexatious litigation, so long as the plaintiff is not completely closed off from any access to the court. *Id.*; *Thomason v. Deutsche Bank, Tr. for Home Equity Mortg. Loan Asset-Backed Tr. Series*

---

[16] Today, the undersigned is entering Recommendations in the following cases: *Lietzke v. County of Montgomery*, Case No. 2:21-cv-00209-MHT-JTA; *Lietzke v. Greyhound Lines, Inc.*, Case No. 2:21-cv-00208-WKW-JTA; *Lietzke v. City of Montgomery*, Case No. 2:21-cv-00207-ECM-JTA; *Lietzke v. City of Birmingham*, Case No. 2:21-cv-00206-ECM-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01033-MHT-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01032-WKW-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01031-WKW-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01030-ECM-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01029-RAH-JTA; and *Lietzke v. County of Montgomery*, Case No. 2:20-cv-01028-ECM-JTA.

*INABA 2006-A, Home Equity Mortg. Loan Asset-Backed Certificates Series INABS 2006-A8*, No. 2:22-CV-52-ECM, 2022 WL 4371492, at *8 (M.D. Ala. Sept. 21, 2022); *see also Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (noting the court's inherent authority "to fashion an appropriate [compensatory] sanction for conduct which abuses the judicial process'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)).

On the basis of the court's inherent power and obligation to protect litigants and its own judicial resources from vexatious and abusive litigation, and to deter Lietzke from impairing the court's function in the future by filing vexatious and repetitive complaints, the undersigned has considered carefully what injunctive consequences to recommend. The undersigned concludes that the following consequences suffice to deter future comparable conduct, enable the court to efficiently evaluate whether a case is frivolously or vexatiously duplicative of other litigation here or elsewhere, do not completely foreclose Lietzke from filing actions in this court, and avoid unduly burdening the court with extra prefiling review processes for handling vexatious litigants:

1. The undersigned recommends that the court enter an Order prohibiting Lietzke from proceeding *in forma pauperis* in this District on any complaint arising out of any incident associated with his 1999 and 2002-03 involuntary commitments.

2. The undersigned also recommends that Lietzke be declared a vexatious litigant because, despite many warnings and consequences, he repeatedly files the same cases here and elsewhere when he knows his complaints are frivolous and fail to

22

state a claim upon which relief can be granted. *See Thomason v*, 2022 WL 4371492, at *8 (declaring that the plaintiff was "an abusive and vexatious litigant" because he "wasted valuable Court resources" by "fil[ing] the same or substantially the same" claims against the same defendant despite "being repeatedly told by this Court (and probably others) that his claims … are without merit").

3. Further, the undersigned recommends that the court order that Lietzke shall not file in this District any more motions to proceed *in forma pauperis* without an accompanying notarized affidavit, sworn under penalty of perjury, in which he states whether he has ever filed any lawsuits in any court arising out of the same incident(s), acts(s), or occurrence(s) as are implicated in the complaint on which he seeks to proceed *in forma pauperis*. If he has filed any related lawsuits, he must include in his signed, notarized affidavit the name of the court(s) where each such lawsuit was filed, the case number of the related case(s), and the status of the related litigation. He must also attach to his sworn, notarized affidavit (1) a current copy of the docket sheet for each such case and (2) a copy of each and every complaint that he has filed in any such case. Any such attached copy of a complaint shall bear the dated "filed" stamp of the Clerk of the Court in which it was filed, or it shall bear the mark of the CM/ECF (PACER) system showing that it is a copy of the complaint that is in the official court record. Failure to follow these instructions shall result in denial of the motion to proceed *in forma pauperis* and may result in dismissal of the case with or without prejudice for failure to comply with the court's orders. *See*

*Procup*, 792 F.2d at 1072 (11th Cir. 1986) (listing approaches courts have used to address litigants who bring frequent or repetitive claims, including "requiring litigants to accompany all future pleadings with affidavits certifying that the claims being raised are novel, subject to contempt for false swearing" and "direct[ing] the litigant to attach to future complaints a list of all cases previously filed involving the same, similar, or related cause of action, and to send an extra copy of each pleading filed to the law clerk of the chief judge of the district").

Lietzke is ADVISED that, whether or not the court adopts the recommendation in the preceding paragraph, in any case pending before the undersigned, the undersigned will require Lietzke to comply with the preceding paragraph before the undersigned grants any more applications to proceed *in forma pauperis* and before the undersigned undertakes the review process required by 28 U.S.C. § 1915(e)(2)(b).

Further, Lietzke is ADVISED that he will be subject to sanctions or further injunctive action in the future for filing a complaint that has been dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted, or for filing a complaint that has been dismissed without prejudice on the same grounds without making any meaningful attempt to amend the complaint to address the deficiencies. Sanctions for such conduct may include, but are not limited to, dismissal of his case with or without prejudice, payment of attorneys' fees in the event that another party incurs them, other monetary sanctions, or limitations on his ability to file suit in this court without preapproval. Such sanctions may be imposed pursuant to Rule 11 of the Federal Rules of

Civil Procedure, this court's inherent authority to manage its own docket "so as to achieve the orderly and expeditious disposition of cases" and compliance with its orders, *Chambers*, 501 U.S. at 43, the court's inherent authority to impose a compensatory sanction on conduct that abuses the judicial process, Rule 41(b)[17] of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1651.

## IV.    CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The court dismiss this action with prejudice and without an opportunity to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as duplicative, frivolous, and malicious.

2. The court declare Lietzke to be a vexatious litigant.

3. The court prohibit Lietzke from proceeding *in forma pauperis* in this District on any complaint arising out of any incident associated with his 1999 and 2002-03 involuntary commitments.

4. As a consequence of Lietzke's status as vexatious litigant, the court enter an Order requiring that any future *in forma pauperis* motions Lietzke files in this District shall be accompanied by a  notarized affidavit, sworn under penalty of perjury, in which he states whether he has ever filed any lawsuits in any court arising out of the same incident(s), acts(s), or occurrence(s) as are implicated in the complaint on

---

[17] Though Rule 41(b) refers specifically to dismissal on a defendant's motion, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with a court order." *Rodriguez v. Lawson*, 848 F. App'x 412, 413 (11th Cir. 2021) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005)).

which he seeks to proceed *in forma pauperis*. If he has filed any related lawsuits, he must include in his signed, notarized affidavit the name of the court(s) where each such lawsuit was filed, the case number of the related case(s), and the status of the related litigation. He must also attach to his sworn, notarized affidavit (1) a current copy of the docket sheet for each such case and (2) a copy of each and every complaint that he has filed in any such case. Any such attached copy of a complaint shall bear the dated "filed" stamp of the Clerk of the Court in which it was filed, or it shall bear the mark of the CM/ECF (PACER) system showing that it is a copy of the complaint that is in the official court record. Failure to follow these instructions shall result in denial of the motion to proceed *in forma pauperis* and may result in dismissal of the case with or without prejudice for failure to comply with the court's orders.

It is further ORDERED that, **on or before May 17, 2023,** Lietzke shall **SHOW CAUSE** why he should not be sanctioned for violating Rule 11(b)(1)-(3) of the Federal Rules of Civil Procedure by repetitively filing the same case arising out of his hospitalizations in 1999 and 2002-03 knowing that his Complaint fails to state a claim upon which relief can be granted and knowing that his claims have previously been declared frivolous and meritless. **Failure to comply with this Order may result in imposition of sanctions, including monetary sanctions.**

It is further ORDERED that on or before **May 17, 2023**, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the

26

Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusory, or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; see *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 3rd day of May, 2023.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE